01/10/2006  13:17    510-660-0318
01/06/2006  16:59    '026396441                          AFGE                              1D #:06/11
                                                         AFGE
                                                                                          PAGE  04/12
01/06/2006  13:26    3175420519                          AFGE6
                                                                                          PAGE  04/12
01/06/2006  16:36    8122383317                          AFGE LOCAL 720
                                                                                          PAGE  02

**SERVE**

## STATE OF INDIANA
## VIGO CIRCUIT COURT/VIGO SUPERIOR COURT/VIGO COUNTY COURT

LARRY POWELL                **FILED**          84D03-0512-CT10464
Plaintiff,                                     CAUSE NO: _____
                        VIGO SUPERIOR COURT    DIVISION: _____3_____

        VS
TIM COLEMAN, et al.          DEC 2 0 2005      DEFENDANT: AMERICAN FEDERATION
Defendant.                                     OF GOVERNMENT EMPLOYEES,
                                               ADDRESS:  LOCAL 720
                      _Patricia L. Mansard_              c/o David Gardner
                            CLERK                        Union Representative
                           SUMMONS                       4200 Bureau Rd. North
                                                         Terre Haute, IN 47802

### TO THE ABOVE-NAMED DEFENDANT:

You have been sued by the person(s) named "Plaintiff", in the Court stated above. The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the Plaintiff has made against you. You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the Plaintiff has demanded. If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert in your written answer. The following manner of service of summons is hereby designated:

### SERVICE OF SUMMONS BY SHERIFF
If not so designated, the Clerk shall cause service be made by mail.
Date _____

LARRY POWELL
_____ (pro se)               _Patricia L. Mansard_ CLERK
Attorney for the Plaintiff
USNS #27650-077                              _____ DEPUTY
P.O. Box 12015
Address
Terre Haute, IN 47801-2015
Phone

### CERTIFICATE OF MAIL
I hereby certify, that on the _____ day of _____, 200 ___, I mailed a copy of this summons and a copy of the complaint to the Defendant, _____ by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Date _____                                      _____ CLERK

### RETURN OF SERVICE OF SUMMONS BY MAIL
I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to Defendant _____, was accepted by or on behalf of the Defendant on the _____ day of _____, 200 ___. I hereby certify that the envelope containing the summons and a copy of the complaint was returned to me showing that the same was not accepted by the addressee on the _____ day of _____, 200 ___.

                                                          _____ CLERK

### ACKNOWLEDGMENT OF SERVICE
I hereby acknowledge receipt of a copy of the summons and a copy of the complaint in the above-entitled cause at _____ on the _____ day of _____, 200 ___.

                                              Signature of Defendant _____

### RETURN ON SERVICE OF SUMMONS BY SHERIFF
I hereby certify that I have served the within summons:
(1) by delivering a copy of the summons and a copy of the complaint to the Defendant _____, on the _____ day of _____, 200 ___.
(2) By leaving a copy of the summons and a copy of the complaint at _____ on the _____ day of _____, 200 ___, the dwelling house or usual place of above Defendant _____ and by mailing a copy of the summons to the Defendant _____ by first class mail to _____ the last known address of the Defendant.
SHERIFF'S FEES: _____
ADDITIONAL: _____

                                              SHERIFF OF VIGO COUNTY, INDIANA

VIGO SUPERIOR COURT DIVISION 3
33 SOUTH THIRD STREET
COURT HOUSE
TERRE HAUTE IN 47807
812-462-3244

01/10/2006 13:17 610-569-0318 AFGE

01/06/2006 16:59 126396441 AFGE PAGE 05/12

01/06/2006 13:26 3175420519 AFGE6 PAGE 05/12

01/05/2005 16:36 8122383317 AFGE LOCAL 720 PAGE 03

Cause # **84003-0512-CT10464**

Larry Powell

   (A Sovereign) (Plaintiff),

-v-

Tim Coleman,
Danny Moore,
Vic Killion,
Stan Kramer,
Brad Shoemaker,
Mark Bezy,
David Gardner, and
the American Federation of Government Employees, Local 720

   (the Defendants),

IN THE Superior COURT

OF VIGO COUNTY

TERRE HAUTE, INDIANA

**FILED**

VIGO SUPERIOR COURT

DEC. 2 0 2005

*Patrick R. Mevault*
CLERK

## PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES AND APPLICATION FOR EMERGENCY RESTRAINING ORDER OR [T.R.O.]

To the Honorable Court:

   Comes now, Larry Powell, (the Plaintiff) to bring this complaint of damages against said defendants.

## JURISDICTION & VENUE

I.

   The jurisdiction of this court is invoked pursuant to unspecified privacy laws of this state, the constitutions of the state of Indiana and of the United States of America, specifically invoking the 1st. Amendment of the U.S. Constitution.

   Plaintiff reserves all rights.

1.

II.

This court has jurisdiction & venue is proper and mandatory in Vigo County, Indiana because Plaintiff is a confined person at a federal penal facility located in Terre Haute, Indiana. Defendants are located and employed, and to the best of plaintiffs' knowledge all defendants are residents of Vigo County, Indiana, and the acts or omissions complained of have occurred, and continue to occur in Vigo County, Indiana.

III.

Plaintiff seeks a sum of damages within the jurisdictional limits of this court.

## PARTIES AND SERVICE

IV.

1.) Plaintiff is a citizen of the state of Texas, who is currently confined at the United States Penitentiary, 4700 Bureau Road South, P.O. Box 12015, Terre Haute, Indiana 47801-2015.

2.) The individuals named as defendants are employees of the United States Penitentiary in Terre Haute, Indiana, and service of process upon them may be made at 4700 Bureau Road South, Terre Haute, Indiana 47802. Service of Process is hereby requested.

3.) Defendant - American Federation of Government Employees, Local 720, is presumed to be an incorporated association and political

2.

01/10/2006  13:17   610-660-0318   AFGE   PAGE 07/12

01/06/2006  16:59   26396441   AFGE   PAGE  07/12

01/06/2006  13:26   3175420519   AFGE6   PAGE  07/12

01/05/2006  16:36   8122393317   AFGE LOCAL 720   PAGE  05

entity which has been established through unknown means, nevertheless is located and operates within Vigo County, Indiana and does aid the defendants in their schemes, threats, oppression, false imprisonment, abuse of power, abuse of authority, etc., and as such is in fact a clandestine organization engaged in organized crime, racketeering, corruption and fraud in violation of the federal RICO statutes. Service of Process may be had by serving the organizations represen-tative David Gardner, at 4700 Bureau Road South, or at 4200 Bureau Road North, Terre Haute, Indiana 47802. Service of Process is hereby requested.

## FACTS

### V.

4.) The defendants have been stealing and interfering with the delivery and receipt of plaintiffs' mail for an ongoing period of time dating as far back as 2002. The defendants have wrongfully punished the plaintiff because he attempted to use the mail, and in some instances successfully circumvented their authority and got mail out to the post office. None of the plaintiffs' correspondences have been unlawful, nor posed any threat to the institution or to the addressee. The plaintiff believes that he has been singled out for harassment and unlawful discrimination by the defendants, and that the defendants are doing this to him as some sort of personal vendetta and not in their official capacity as federal employees. Quite simply, it is not Federal Bureau of Prisons Policy to harass inmates, nor to steal or interfere with the U.S. Mail, therefore the defendants' conduct is of a personal nature and not done officially.

3.

5.) Plaintiff has filed complaints using the prisons Administrative Remedy Procedures to no avail, and plaintiff has filed criminal complaints against defendants Coleman, Moore, and Bezy with various federal law enforcement agencies including the U.S. Postal Inspection Service, the Federal Bureau of Investigation, and the Office of Inspector General. No disposition has been made on the complaints filed with the U.S. Postal Inspection Service, or Office of Inspector General. The Federal Bureau of Investigation determined that the matter is an Administrative Problem at the prison and the FBI declined to prosecute the defendants.

6.) The Plaintiff has performed all statutory and administrative conditions precedent to the filing of this suit and application for emergency restraining order.

## LEGAL THEORIES GIVING RISE TO PLAINTIFFS' CAUSE OF ACTION AND DAMAGES TO PLAINTIFF

The Plaintiff is the owner of certain rights threatened with irreparable injury by the conduct of the Defendants. The Defendants have threatened irreparable harm to the Plaintiffs' rights, existing and prospective, by refusing to allow him use of the U.S. Mail for personal communications, a right guaranteed under the 1st. Amendment of the U.S. Constitution. The defendants threaten to bring wrongful disciplinary actions against the Plaintiff if he does use the U.S. Mail to communicate with anyone.

4.

01/10/2005  13:17    510-550-0318    AFGE    PAGE 09/11
01/06/2006  16:59    726396441    AFGE    PAGE 09/12
01/06/2006  13:26    3175420519    AFGE6    PAGE 09/12
01/05/2006  16:36    6122383317    AFGE LOCAL 720    PAGE 07

The Defendants have previously placed the Plaintiff into custody, maliciously restraining him of liberty, by placing him in segregation or solitary confinement for months at a time, all for no just reason, simply because he mailed a letter or greeting card to his wife or another individual, thus causing irreparable harm, injury, and mental pain and anguish to the Plaintiff due to their unlawful oppression, use of force, and abuse of power.

A.) The Plaintiff would allege that Defendants, jointly and severally, violated his constitutional rights under the 1st. Amendment of the U.S. Constitution and his privacy rights afforded under the Indiana constitution.

B.) The Plaintiff would allege that Defendants, jointly and severally, have conspired to violate his Constitutionally Protected Rights by depriving him of communication with the outside world and stopping him from using the U.S. Mail.

C.) The Plaintiff would allege that Defendants, jointly and severally, violated his procedural and substantive due process rights by stopping his mail.

D.) The Plaintiff would allege that Defendants, jointly and severally, have maliciously abused the prisons' disciplinary system and have vengefully brought false disciplinary actions against him and improperly brought sanctions and improperly forfeited the

5.

Plaintiffs' <u>Good Conduct Time</u> thus the Defendants have unlawfully manipulated the Plaintiffs' release date causing him to become falsely imprisoned soley through their mechanized scheme to defraud the Plaintiff of his Good Conduct Time and increasing the length of time that he will have to serve in custody.

The Defendants' conduct is completely without right or entitlement in that it is in violation of statutory and constitutional law. Therefore, Plaintiff avers that any adverse decision(s) rendered by the prisons Disciplinary Hearing Officer - Defendant Vic Killion be declared void, invalid, and of no further force or affect.

The Plaintiff has and will continue to be damaged and injured by the Defendants' conduct. The Plaintiff has no adequate remedy for the injuries and losses that are continuing. The rights involved are unique and irreplaceable, so that it will be impossible to accurately measure in monetary terms the damages caused by the Defendants' conduct.

Plaintiff has asserted a Cause of Action against the Defendants.  Plaintiff will suffer probable injury if the Defendants' are allowed to continue their course of conduct.

Plaintiff seeks the following to redress the damages proximately caused by the Defendants' conduct.

E.) The Court to order an Emergency Restraining Order

6.

01/10/2006  13:17    610-660-0318
01/06/2006  16:59    126396441                    AFGE
                                                  AFGE
                                                  13
01/06/2006  13:26    3175420519                   AFGE6
01/05/2006  16:36    8122383317                   AFGE LOCAL 720

PAGE  11/12
PAGE  11/12
PAGE  09

barring the Defendants from interfering with all communications of the Plaintiffs' whether by mail or telephone, and to cease further enforcement of any prison administrative mail restriction, and to declare all decisions of the Disciplinary Hearing Officer as legally void and of no further force or affect.

F.) The court to enter an emergency injuction ordering Defendants, their agents and assigns, to permanently refrain from taking any retaliatory action, including harassment, against the Plaintiff as a result of this cause of action.

G.) The court to enter judgment for the Plaintiff and against the Defendants, awarding Plaintiff 6 Million Dollars in U.S. Currency as fair & just compensation for damages caused by the Defendants unlawful conduct, to include interest at the maximum rate allowed by law, court costs, legal fees, and such other further relief to which the Plaintiff may be entitled at law or in equity.

A common-law Lien or Lis Pendens is hereby claimed, filed for record, and enforced against the Defendants, any and all Real Property or Tangible Property of the Defendants, including any and all other assets, automobiles, investments, bank accounts, retirement accounts, certificates of deposit, etc., and garnishment of wages, to ensure collection of any compensation ordered by the court.

The Defendants may pay their obligation to the Plaintiff

01/10/2005  13:17    519 550 0318                                        AFGE
01/06/2005  16:59    '26396441                           14    AFGE                    PAGE  12/12
   01/06/2005  13:26    3175420519                              AFGE6                    PAGE  12/12
     01/05/2005  16:36    8122383317                            AFGE LOCAL  720          PAGE  10

by forwarding full payment of Six Million Dollars in U.S. Currency

to:  Larry Powell [Client]
     c/o The Law Office of
     Kimberly Griffin Tucker
     4120 International Parkway, Suite 1150
     Carrollton, TX 75007-1959


          All other communications, and process to the Plaintiff
are to be made directly to the Plaintiff at the prison address below.


          Signed this the 21st. day of November 2005.


                                        Respectfully submitted,


                                        Larry Powell    [Pro se]
                                        USMS #27650-077
                                        United States Penitentiary
                                        P.O. Box 12015
                                        Terre Haute, IN 47801-2015

8.