UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE  DIVISION

| | |
|---|---|
| LARRY POWELL, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 2:06-cv-011-LJM-WGH |
| ) | |
| TIM COLEMAN, et al., ) | |
|     Defendants. ) | |

### ORDER ON MOTION TO DISMISS

This matter is before the Court on the defendant's, the American Federation of Government Employees Local 720 ("Local 720"), Motion to Dismiss.  Plaintiff, Larry Powell ("Powell"), initiated this lawsuit and contends that the defendants violated his constitutional rights by stealing and interfering with the delivery of his mail and by punishing him for his attempts to send mail.[1]  Powell further alleges that Local 720 aided the other defendants in these acts and that it is a "clandestine organization engaged in organized crime, racketeering, corruption and fraud in violation of the federal RICO statutes."  Local 720 argues that the claims against it should be dismissed because this Court lacks subject matter jurisdiction over those claims under the Federal Sector Labor Management Relations Statute, 5 U.S.C. § 7101 *et seq.*, and because the Complaint fails to state a claim upon which relief can be granted.  This matter has been fully briefed and is now ripe for ruling.

For the reasons stated herein, Local 720's motion is **GRANTED in part and DENIED in part**.

---

[1] At the time that his claims arose, Powell was a prisoner confined at the United States Penitentiary in Terre Haute, Indiana.

## I. **GOVERNING LEGAL STANDARDS**

Local 720 seeks to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In essence, the standard for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as the standard for a 12(b)(6) motion to dismiss. *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *See* 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v.. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

## II. DISCUSSION

Local 720 first argues that this Court lacks subject matter jurisdiction over Powell's claims because the United States Bureau of Prisons ("Bureau") retains control over the prison and its employees and because claims of unfair trade practices must be filed with the Federal Labor Relations Authority ("FLRA"). While the Bureau may retain control over the prison and its employees, the Court is not convinced that the FLRA has exclusive jurisdiction over Powell's claims.

Here, Powell is claiming that the defendants, including Local 720, are violating his constitutional rights by stealing and interfering with the delivery of his mail and by punishing him for his attempts to send mail. He further contends that Local 720 is aiding the other defendants in these acts. In his response to the Motion to Dismiss, Powell asserts that he is not making any claim of unfair labor practice. In fact, a reading of 5 U.S.C. § 7116(b) supports Powell's position. Specifically, Powell is not claiming that he is a member of Local 720 or an employee whose rights under the Federal Sector Labor Management Relations Statute are being violated, nor is he claiming that his work or productivity is being impeded. Powell's claims simply do not fit the criteria for an "unfair trade practice" as that term is described in 5 U.S.C. § 7116(b).

However, the Court does agree with Local 720 regarding Powell's allegation that Local 720 is a "clandestine organization engaged in organized crime, racketeering, corruption and fraud in violation of the federal RICO statutes." To the extent that Powell is making a claim that Local 720 has violated the RICO statutes, the Assistant Secretary of Labor would have jurisdiction to entertain that claim pursuant to 5 U.S.C. § 7120. That section indicates that complaints that a labor organization is engaged in corrupt influences must be filed with the Assistant Secretary. *See* 5

U.S.C. § 7120(a) and (d). Therefore, the Court concludes that, to the extent that Powell is making a claim that Local 720 violated the RICO statutes, that claim must be dismissed.

Local 720 next argues that Powell has failed to state a claim upon which relief can be granted. Specifically, Local 720 argues that it is not responsible for running the prison and so it cannot be liable for "aiding" the other defendants. Dismissal of Powell's allegations is only appropriate if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford*, 105 F.3d at 356. The Court cannot conclude that this is such a case. Indeed, Powell suggests in his response to the Motion to Dismiss that Local 720 had an agreement with the prison to select where its members would work within the prison. If true, this allegation would lend some support to Powell's contention that Local 720 "aided" the other defendants in violating Powell's constitutional rights by exercising some control over where those individuals were placed to ensure that they were in positions of oversight. Therefore, the Court rejects Local 720's argument that Powell has failed to state a claim upon which relief can be granted.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the defendant's, the American Federation of Government Employees Local 720, Motion to Dismiss.  To the extent that the plaintiff, Larry Powell, is making a claim that this defendant has violated the RICO statutes, that claim is dismissed.

IT IS SO ORDERED this 30th day of August, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distributed via U.S. Postal Service to:**

LARRY POWELL
REG NO 27650-077
USMS
P O Box 5500
Adelanto, CA 92301-5155

**Distributed electronically to:**

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE
wgroth@fdgtlaborlaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov